1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD LOUIS BROWN,                        No.  2:25-cv-02021-DC-SCR

12                    Plaintiff,

13           v.                                   ORDER

14    RICHARD REES WAKE,

15                    Defendant.

16

17          Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

18    to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed a motion for leave to proceed

19    in forma pauperis ("IFP") and a declaration, including a statement of income and expenses,

20    averring he is unable to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The

21    motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the

22    Court finds Plaintiff's first amended complaint ("FAC") is legally deficient and will grant

23    Plaintiff leave to file an amended complaint.

24                                    I.  SCREENING

25          A.      Legal Standard

26          The federal IFP statute requires federal courts to dismiss a case if the action is legally

27    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

28    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2

1   state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has

2   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

4   678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

5   to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v.*

6   *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

7          B.      The Complaint and First Amended Complaint

8          Plaintiff initiated this action by filing a complaint on July 21, 2025.  ECF No. 1.  Plaintiff

9   then filed his FAC on August 6, 2025.  ECF No. 3.  As this was Plaintiff's first amendment, and

10  Defendant had not answered, leave of court was not required.  *See* Fed. R. Civ. P. 15(a) ("A party

11  may amend its pleading once as a matter of course …").  The FAC is now the operative pleading.

12  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009)

13  ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A.

14  Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, the Court

15  will proceed to screen the FAC pursuant to 28 U.S.C. § 1915(e).

16         Plaintiff's FAC states that it is brought pursuant to 42 U.S.C. § 1983 and alleges First

17  Amendment retaliation.  ECF No. 3 at 1.  Plaintiff alleges that he is African-American, a disabled

18  military veteran, and that he has been engaged in public speech on matters of public interest,

19  including labor rights.  *Id*. at 5.  Plaintiff alleges that Defendant Richard Rees Wake defamed him

20  on social media beginning in May 2024.  *Id*.  Plaintiff sued Defendant for defamation in state

21  court.  *Id.*  Plaintiff contends that Defendant responded by filing "frivolous" anti-SLAPP and

22  vexatious litigant motions.  *Id.*  Plaintiff alleges he defeated two anti-SLAPP motions, but then

23  the motion to declare Plaintiff a vexatious litigant was granted.  *Id.*

24         Plaintiff's FAC states it is for "First Amendment Retaliation" in the caption, but then there

25  are not clearly delineated "claims" or "causes of action" later in the FAC.  The FAC appears to

26  focus on First Amendment retaliation, but there is also brief mention of the Fourteenth

27  Amendment rights to due process and equal protection.  *Id*. at 7.

28         Plaintiff seeks various declaratory, injunctive, and monetary relief including damages in

3

1  the amount of $21,000,000.  *Id.* at 6.  He also requests an injunction "enjoining Defendant from

2  further harassing litigation or defamatory publication."  *Id.*

3       C.    Analysis

4       Plaintiff's complaint contains a jurisdictional statement and request for relief.  However, it

5  fails to contain a "short and plain statement of the claim showing that the pleader is entitled to

6  relief."  Fed. R. Civ. P. 8(a)(2).  In order to state a claim under section 1983, a plaintiff is required

7  to plead that (1) a defendant acting under color of state law, (2) deprived plaintiff of rights

8  secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134,

9  1144 (9th Cir. 2021).  Plaintiff alleges only in a conclusory manner that Defendant Richard Rees

10  Wake was "acting under color of state law" or was in "conspiracy with union affiliates."  ECF

11  No. 1 at 7.  There are no facts pled to support the assertion that Defendant is a state actor or was

12  acting under color of state law.  Generally, private parties are not acting under color of state law.

13  *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in

14  "exceptional cases" will a private entity be treated as a state actor for constitutional purposes).

15  Plaintiff's conclusory allegation of conspiracy with union affiliates does not cure this defect.  *See*

16  *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (finding that the plaintiffs' § 1983 claim

17  against a union failed for lack of state action).

18       If Plaintiff could successfully plead state action, he would also need to plead facts to

19  plausibly meet the elements of his claim for First Amendment retaliation.  Generally, a plaintiff

20  must show: 1) he engaged in a constitutionally protected activity; 2) defendants' actions would

21  chill a person of ordinary firmness from continuing to engage in protected conduct; and 3) the

22  protected activity was a substantial or motivating factor in defendants' conduct.  *Sampson v.*

23  *County of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020).  A plaintiff must establish that

24  defendant's retaliatory animus was the but-for cause of his injury, meaning that the adverse action

25  against him would not have been taken absent retaliatory motive.  *Id.* (internal citations and

26  quotations omitted).

27       Plaintiff's allegations are at times conclusory.  Plaintiff alleges that he engaged in speech

28  concerning "transparency, member rights, and financial accountability" but that allegation is

4

1  lacking in detail as to where or when he engaged in the speech, or if Defendant was aware of it.

2  He makes the conclusory assertion that Defendant "engaged in a series of legal and extra-judicial

3  actions against Plaintiff." ECF No. 1 at 5. Plaintiff seeks to enjoin Defendant from "further

4  harassing litigation," but all the litigation described in the FAC appears to have been initiated by

5  Plaintiff. Plaintiff alleges he filed a defamation action against Defendant in state court and two

6  petitions for writ of mandate in the California Court of Appeal. Of course, Plaintiff also filed the

7  instant action. ECF No. 1 at 5 & 7. Plaintiff also alleges that he himself, not Defendant, was

8  found to be a vexatious litigant in state court.

9      Plaintiff also mentions due process and equal protection, but provides no facts that would

10  plausibly support such claims. Moreover, if Plaintiff intends to bring additional claims for

11  violation of due process or equal protection, those claims should be set forth as separate "counts"

12  or "claims" and facts pled in support of each.

13      The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss

14  the case at any time" if it determines that the action fails to state a claim on which relief may be

15  granted. The Court finds that Plaintiff fails to state a claim because he has not sufficiently alleged

16  that Defendant was a state actor, or acting under color of law, to support his § 1983 claim. He

17  further has not sufficiently alleged the elements of a First Amendment retaliation claim.

18  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend

19  unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*,

20  698 F.3d 1202, 1212 (9th Cir. 2012). As Plaintiff's allegations of state action are conclusory, the

21  Court cannot conclude that leave to amend would be futile. Rather than recommending dismissal

22  of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to

23  allege sufficient factual content to state a claim for relief that is plausible on its face.

24                                II.  AMENDING THE COMPLAINT

25      If plaintiff chooses to amend the complaint, it must contain a short and plain statement of

26  Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered

27  paragraphs, with each paragraph number being one greater than the one before, each paragraph

28  having its own number, and no paragraph number being repeated anywhere in the complaint.

Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendant to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of the named defendant rather than making conclusory allegations.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  It must plead facts demonstrating that Defendant was a state actor or acting under color of law.  If Plaintiff intends to bring claims for violation of due process or equal protection, those claims should be set forth as separate "counts" or "claims" and facts pled in support of each.  Plaintiff must allege enough facts in support of his claims to state a claim to relief that is plausible on its face.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: August 8, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE