UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD REES WAKE,<br><br>　　　　Defendant. | No. 2:25-cv-02021-DC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court has screened Plaintiff's second amended complaint ("SAC") pursuant to 28 U.S.C. § 1915(e) and concludes it fails to state a claim. The Court now recommends this action be dismissed without further leave to amend.

I. SCREENING

A.　Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

1    Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available in the Clerk's office and on the Court's website to help pro se plaintiffs organize their complaint in the proper way.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

        B.        <u>Background and Procedural History</u>

Plaintiff initiated this action by filing a complaint on July 21, 2025. ECF No. 1. Plaintiff then filed his FAC on August 6, 2025. ECF No. 3. The Court screened the FAC pursuant to 28 U.S.C. § 1915(e). Plaintiff's FAC stated that it was brought pursuant to 42 U.S.C. § 1983 and alleged First Amendment retaliation. ECF No. 3 at 1. Plaintiff alleged that he is African-American, a disabled military veteran, and that he has been engaged in public speech on matters of public interest, including labor rights. *Id*. at 5. Defendant Richard Rees Wake ("Wake") was identified only as "an individual who resides in California[.]" *Id*. It is unclear from the facts in the FAC how or why Plaintiff and Wake first began interacting, but Wake alleged that Defendant defamed him on social media beginning in May 2024. *Id*. Plaintiff sued Wake for defamation in state court. *Id*. Plaintiff contends that Wake responded by filing "frivolous" Anti-SLAPP and vexatious litigant motions. *Id*. Plaintiff alleges he defeated two Anti-SLAPP motions, but then the motion to declare Plaintiff a vexatious litigant was granted. *Id.*

Plaintiff's FAC stated it was for "First Amendment Retaliation" in the caption, but then there were no clearly delineated "claims" or "causes of action" later in the FAC. The FAC primarily focused on First Amendment retaliation, but there was also brief mention of the Fourteenth Amendment rights to due process and equal protection. *Id*. at 7. Plaintiff sought various declaratory, injunctive, and monetary relief including damages in the amount of $21,000,000. *Id.* at 6. He also requested an injunction "enjoining Defendant from further harassing litigation or defamatory publication." *Id*.

The Court found Plaintiff failed to plausibly allege state action and failed to state a claim. ECF No. 4. The Order further advised that some of the allegations were conclusory, and that Plaintiff had not clearly set forth his causes of action as separate "counts" or "claims." ECF No. 4 at 4-6. Plaintiff was allowed 30 days to file a second amended complaint. Plaintiff timely filed the SAC on September 5, 2025.

////

3

C. The Second Amended Complaint

Plaintiff's SAC again sues only Wake. Wake is not alleged to be a state actor and is specifically alleged to be a "private individual." ECF No. 6 at 5. Plaintiff alleges Wake defamed him on Facebook in May of 2024. *Id*. Plaintiff alleges that Wake falsely suggested that he suffers from mental illness. *Id*. Plaintiff again references litigation that has occurred in state court between himself and Wake, and that Plaintiff has been declared a vexatious litigant. *Id*. at 7. Plaintiff alleges that Wake conspired with union officials, and that such constitutes joint participation in state action. *Id*. at 7, ¶¶ 17-19. Plaintiff asserts five claims: 1) First Amendment retaliation; 2) due process violation; 3) equal protection violation; 4) defamation under California state law; and 5) abuse of process. *Id*. at 8.

D. Analysis

Plaintiff's SAC contains a jurisdictional statement and request for relief. However, it fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law, (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Just as with the FAC, Plaintiff does not sufficiently allege state action in the SAC. There are inadequate facts pled to support the assertion that Defendant is a state actor or was acting under color of state law, and in fact Plaintiff pleads that Wake is a "private individual." ECF No. 6 at 5.

Generally, private parties do not act under color of state law. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes). Plaintiff's allegation of Wake's conspiracy with SEIU affiliates (ECF No. 6 at 7) does not cure this defect. Plaintiff's sole factual allegation concerning the union's status as a state actor is that it "operates under the Dills Act (Cal. Gov't Code § 3512)" and therefore "exercise[s] powers delegated by the State of California." ECF No. 6 at 7. "As a private party," a union "is generally not bound by the First Amendment, unless it has acted in concert with the state in effecting a particular deprivation of constitutional right[.]"

4

1  *See Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (citations and quotations omitted). The
2  Dills Act was adopted "to give state employees collective bargaining rights similar to those
3  provided for employees of local public agencies" under other California laws. 3 Witkin,
4  Summary of California Law, Agency and Employment § 661 (11th Ed. 2025). The Dills Act
5  does not authorize or condone retaliation by unions against their members. Beyond Plaintiff's
6  unexplained citation to the Dills Act, there are no other allegations as to how SEIU purportedly
7  acted in concert with the State of California. Plaintiff accordingly fails to plausibly show that
8  SEIU engaged in state action. By extension, Plaintiff fails to show that Wake was a state actor by
9  "coordinat[ing]" and "conspir[ing]" with SEIU. Plaintiff has not established federal question
10 jurisdiction under section 1983.

11     Plaintiff further fails to state a claim as to his three federal causes of action. Generally, to
12 assert a claim of First Amendment retaliation, a plaintiff must show: 1) he engaged in a
13 constitutionally protected activity; 2) defendants' actions would chill a person of ordinary
14 firmness from continuing to engage in protected conduct; and 3) the protected activity was a
15 substantial or motivating factor in defendants' conduct. *See Sampson v. County of Los Angeles*,
16 974 F.3d 1012, 1019 (9th Cir. 2020). A plaintiff must show that defendant's retaliatory animus
17 was the but-for cause of his injury, meaning that the adverse action against him would not have
18 been taken absent retaliatory motive. *Id.* (internal citations and quotations omitted). Plaintiff's
19 allegations remain sparse. He alleges that he engaged in "constitutionally protected speech,
20 including public criticism of union governance and litigation on behalf of members rights" but
21 does not allege what he said, to whom he said it, when it was said, if Defendant was aware he said
22 it, or what litigation he pursued on behalf of members. ECF No. 6 at 7. He alleges the retaliation
23 was "severe." *Id*. Plaintiff has seemingly reworded the elements of the claim as set forth in this
24 Court's prior screening order (ECF No. 4 at 4), but a formulaic recitation of the elements of a
25 cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
26 555-57 (2007).

27     Plaintiff's due process claim seems to claim he was denied due process because the state
28 court declared him a vexatious litigant. The mere fact that Plaintiff was judicially declared a

5

vexatious litigant during judicial proceedings does not state a claim for denial of due process. *See Wolfe v. George*, 486 F.3d 1120, 1123 (9th Cir. 2007) (rejecting First and Fourteenth Amendment challenge to California's vexatious litigant statute). In *Wolfe*, the Ninth Circuit clearly addressed and rejected the plaintiff's Fourteenth Amendment challenge: "The California statute does not violate equal protection. Frequent pro se litigants are not a suspect class meriting strict scrutiny." *Id.* at 1126. The Ninth Circuit additionally rejected the due process argument that the vexatious litigant statute created a financial barrier to accessing the courts, stating, "the California vexatious litigant statute does not deprive [plaintiff] of the opportunity to vindicate a fundamental right in court." *Id.* The Ninth Circuit has subsequently found First Amendment challenges to California's vexatious litigant statute to be "foreclosed by *Wolfe*" and stated the argument that the statute "impermissibly chills the First Amendment right to access the courts is meritless." *Sargent v. Cantil-Sakauye*, 812 F. App'x 682, 683 (9th Cir. 2020).

Plaintiff's equal protection claim is two sentences and claims that Wake targeted him based on his race, military status, and political speech. ECF No. 6 at ¶ 27. Plaintiff claims he was "singled out for burdensome legal action." *Id.* at ¶ 28. These allegations are conclusory.

The Court will not screen Plaintiff's fourth and fifth causes of action, as they assert claims under state law and the Court would decline supplemental jurisdiction if the federal claims are dismissed. The decision of whether to exercise supplemental jurisdiction over state law claims after the federal claims have been dismissed lies within the district court's discretion. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007). Generally, when federal claims are dismissed well before trial, pendent state law claims should be dismissed as well. *See Campos v. Fresno Deputy Sheriff's Assoc.*, 535 F.Supp.3d 913, 930 (E.D. Cal. 2021), *citing Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

The Court concludes that the SAC fails to state a federal claim upon which relief can be granted. All of the federal claims are brought under § 1983, and Wake is not a state actor. Accordingly, the SAC must be dismissed.

////

////

### E. Leave to Amend

Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). This is Plaintiff's third complaint. Plaintiff has not alleged facts showing that Wake, a private individual, was acting under color of state law. The Court concludes that further leave to amend would be futile. *See Evans v. Skolnik*, 637 F.App'x 285, 287 (9th Cir. 2015) (affirming district court's denial of leave to amend and stating: "Because the three companies were not state actors, [plaintiff] could not state a § 1983 claim against them."); *Cook v. Sims*, 2023 WL 1991567, at *1 (E.D. Cal. Feb. 14, 2023) (finding leave to amend futile because plaintiff failed to plead facts showing defendant, a private security guard, was a state actor); *Hubbard v. SEIU Local 2015*, 552 F.Supp.3d 955, 962 (E.D. Cal. 2021) (denying leave to amend after granting motion to dismiss in part due to the plaintiff's failure to show that SEIU was a state actor in dispute about mandatory payment of union dues).

## II. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's second amended complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e); and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////
////
////
////
////

7

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 |     SO ORDERED.
4 | DATED: October 6, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE